

# THE ATTORNEY GENERAL
# OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

December 10, 1990

Honorable John D. Hughes
County Attorney
Hood County Courthouse
  Room 6
Granbury, Texas  76048

Opinion No.  JM-1253

Re:  Whether a prosecutor may use drug seizure funds to  pay bonuses or increase  salaries without approval of the  commissioners court  (RQ-2078)

Dear Mr. Hughes:

You ask  whether a  prosecuting attorney  may use  drug seizure  funds  to  pay  bonuses  or  increase  salaries  of employees  without  first  obtaining  the  approval  of  the commissioners court.  You also ask if it would constitute  a violation of the criminal  law if a  prosecutor were to  pay bonuses or  salary  increases to  employees  without  having obtained the approval of the commissioners court.

Article  59.06  of  the  Code  of  Criminal  Procedure, adopted by Acts 1989,  71st Leg.,  1st C.S.,  ch. 12, § 1,  at 14,  and  effective  October  18,  1989,  addresses  the disposition of forfeited property.[1]  Section (d) of  article 59.06 provides:

> Proceeds awarded under  this chapter to  a
> law enforcement  agency  or to  the  attorney

---

1.  Forfeiture provisions prior to the 71st Legislature were contained in article, 4476-15, V.T.C.S., the Texas Controlled Substances Act.  See Attorney General Opinion JM-678 (1987).  The Texas Controlled Substances Act was codified  as part of the Health and  Safety Code (effective September  1, 1989).  See Health & Safety Code, Acts 1989, 71st Leg.,  ch. 678, § 1, at 2230.  This was a non-substantive codification. However, each  of  the codified  forfeiture  provisions  was repealed, effective October 18,  1989.  See Acts 1989,  71st Leg., 1st C.S., ch.  12, § 6, at  21.  New statutes  dealing with  the  same  subject  matter,  which  are  substantially different  from  the  repealed  Controlled  Substance  Act provisions, were enacted as articles 59.02, 59.05, 59.06 and 59.08 of  the Code  of Criminal  Procedure.  Id.  § 1.  See State v. Garcia, Docket No. 04-89-00194-CV, Tex. App. -  San Antonio, October 3, 1990 (unreported).

> representing the state may be spent by the
> agency or the attorney after a budget for the
> expenditure of the proceeds has been
> submitted to the commissioners court or
> governing body of the municipality. The
> budget must be detailed and clearly list and
> define the categories of expenditures, but
> may not list details that would endanger the
> security of an investigation or prosecution.
> Expenditures are subject to audit provisions
> established under this article. A commis-
> sioners court or governing body of a munici-
> pality may not use the existence of an award
> to offset or decrease total salaries, ex-
> penses, and allowances that the agency or the
> attorney receives from the commissioners
> court or governing body at or after the time
> the proceeds are awarded. The head of the
> agency or attorney representing the state may
> not use the existence of an award to increase
> a salary, expense, or allowance for an
> employee of the attorney or agency who is
> budgeted by the commissioners court or
> governing body unless the commissioners court
> or governing body first approves the expendi-
> ture. (Emphasis added.)

You advise that bonuses are given for achievement to employees and that employees are paid from budgeted county funds.

Article 59.06(d) expressly provides that an attorney representing the state may not use drug forfeiture funds to increase a "salary, expense, or allowance for an employee of the attorney or agency who is budgeted by the commissioners court . . . unless the commissioners court . . . first approves the expenditure." We believe that the payment of any additional compensation to an employee in the prosecutor's office who is budgeted by the commissioners court is contingent upon the commissioners court's approval.

In light of your relating that bonuses are given for achievement, there is also a constitutional prohibition relevant to their payment. Bonuses for achievement are compensation for services rendered. Attorney General Opinion JM-313 (1985) concluded that a prosecuting attorney may not pay bonuses from the "hot check" fund despite the fact that article 53.08 of the Code of Criminal Procedure (now article 102.007 of said code) permits the prosecuting attorney sole discretion in using such funds to defray salaries and expenses in his office. It was noted that article III, section 53, of the Texas Constitution prohibits the paying of extra compensation to a public officer, agent, servant or contractor for services after they have been rendered. A bonus may be paid to a county employee only if

the commissioners court has approved the bonus plan as part of compensation before the services are rendered. <u>See</u> Attorney General Opinions JM-459 (1986); H-786 (1976); H-402 (1974).

You also ask if it would constitute a violation of the criminal law if a prosecuting attorney uses drug seizure funds to pay bonuses or salaries under the circumstances you have related without having obtained the approval of the commissioners court. You do not refer to a specific provision of criminal law. The resolution of whether the circumstances you have related constitutes a violation of any provision of the criminal law involves the determination of factual issues and does not come within the province of the opinion process.

## S U M M A R Y

The payment of any additional compensation from the drug forfeiture funds to employees in the prosecutor's office whose salaries are budgeted by the commissioners court is contingent upon approval of the commissioners court. Payments for services rendered in the form of bonuses are prohibited by article III, section 53, of the Texas Constitution, unless the bonus plan is approved as part of a compensation before the services are rendered.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General